**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

AUG 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANA EWELL, | No. 11-15388 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-00186-AWI-MJS |
| v. | |
| A.K. SCRIBNER , | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted July 20, 2012
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.[**]

Dana Ewell appeals the district court's denial of his petition for habeas

corpus under 28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C. § 2253, and

we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Sarah S. Vance, Chief District Judge for the United States District Court for the Eastern District of Louisiana, sitting by designation.

Ewell contends that the state appellate court erred in rejecting his claim that his Fourth Amendment rights were violated by the admission of evidence obtained from a cloned pager. A federal court may review Fourth Amendment claims in habeas corpus proceedings only if the state court proceeding denied the applicant an "opportunity for full and fair litigation of a Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 482 (1976). Because the state courts heard and considered Ewell's Fourth Amendment claim, Ewell was afforded a full and fair opportunity to litigate it. *See Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990). Accordingly, federal habeas corpus review of this claim is precluded.

Ewell also argues that the state appellate court erred in rejecting his claim that the State's violations of the recording and sealing requirements of Title III, 18 U.S.C. § 2510, *et seq.*, entitled him to Title III's suppression remedy. *See* 18 U.S.C. § 2518(8)(a). Ewell's claim lacks merit. In order for a state petitioner to assert a statutory claim in federal habeas corpus proceedings, he must demonstrate that the error is "'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1991)(alteration in original)(quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Ewell had a full

and fair opportunity to litigate this claim in state court, and therefore fails to demonstrate that any violation of Title III's sealing requirement resulted in a miscarriage of justice, or was an omission inconsistent with the rudimentary demands of fair procedure. *See Lord v. Lambert*, 347 F.3d 1091, 1094 (9th Cir. 2003). Further, Ewell fails to demonstrate that the evidence used at trial was otherwise unreliable. *See id.* at 1095. Ewell's Title III claim is therefore not cognizable on habeas corpus review.

Finally, Ewell argues that the state appellate court erred in rejecting his argument that the jury's playback of a cassette tape in the jury room violated his constitutional rights to due process, assistance of counsel, and a fair hearing. The state court's determination that the entire tape was admitted into evidence did not constitute an unreasonable determination of the facts because the record showed that the trial judge admitted the entire tape into evidence. *See* 28 U.S.C. § 2254(d)(2). Further, the state court's decision rejecting this claim was neither contrary to nor an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *See id.* § 2254(d)(1); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). There is no clearly established Supreme Court authority that a jury's playback of a tape that was admitted into evidence violates a defendant's constitutional rights. Further, Ewell fails to show that he was prejudiced by the jury's playing of any portion of the tape not played at

trial.  The state court's finding that the tape was "inaudible and unintelligible" was

not an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).

      AFFIRMED.